UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANTHONY CHRISTIAN,                         §
                                           §
        Plaintiff,                         §
VS.                                        §   CIVIL ACTION NO. 4:12-CV-3732
                                           §
BP EXPLORATION & PRODUCTION INC.,          §
*et al*,                                   §
                                           §
        Defendants.                        §

## MEMORANDUM OPINION AND ORDER

### I.

Pending before the Court is the defendants', BP Exploration & Production Inc. and BP America Production Co. (collectively, "BP"), motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Docket No. 13). The plaintiff, Anthony Christian, has filed a response (Docket No. 20) and BP has replied (Docket No. 21). Having reviewed the parties' submissions, the record and the applicable law, the Court finds and concludes as follows.

### II.

BP is an operating owner of the HOLSTEIN, a spar platform engaged in the extraction and production of oil and gas on the Outer Continental Shelf off the coast of Louisiana. BP hired Waveland Services, Inc. ("Waveland") to perform abrasive blasting and painting services on the HOLSTEIN. The contract governing their working relationship stated Waveland was operating as an independent contractor.

Anthony Christian was employed by Waveland working on the HOLSTEIN in the spring of 2012. Christian suffered a back injury on March 11, 2012, while on the HOSLTEIN, after he was directed by BP personnel to move hoses from a firewall and place them into a lifting basket.

Because he and his coworkers were being rushed to complete the task, Christian lifted a heavy hose without the assistance of any other individuals. It was at this point the injury occurred. There were no Waveland supervisors present when Christian injured himself and Christian does not recall the name of the BP employee directing the Waveland employees at that time.

On December 27, 2012, Christian filed this action against BP in County Civil Court for Galveston County, Texas, asserting various claims under the Jones Act; negligence under Louisiana's Civil Code; and gross negligence. BP promptly removed the case to this Court. Discovery has concluded and the Rule 56 motion is pending.

### III.

BP argues that Christian's Jones Act claims must be dismissed because Christian is not a seaman and the HOLSTEIN is not a vessel, prerequisites to invoking the statute. BP also argues that Christian cannot prevail on his state law negligence claim because he has not presented evidence sufficient to raise a genuine dispute of material fact as to: (1) whether BP owned a building that contained a "ruin" that caused his injuries, such that Christian can avail himself of the ruin statute; (2) whether he was performing an ultrahazardous activity; or (3) whether BP controlled the details of his work. As a result of these deficiencies, BP contends that summary judgment on all claims is proper.

Christian ignores nearly all of the arguments and evidence put forth by BP, and only disputes BP's contention that it did not control the details of his work. Although Waveland is an independent contractor, Christian argues that BP, the principal, retained operational control over work activities on the HOLSTEIN and a BP employee issued an express or implied order to Christian at the time of his injury. Therefore, BP is liable for his injuries.

**IV.**

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994)). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

**V.**

As BP points out, Christian's response does not address three of the four grounds on which BP moved for summary judgment. The Court accepts as undisputed the facts set forth in those sections of BP's motion. *See* FED. R. CIV. P. 56(e). The undisputed facts presented by BP demonstrate that the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(a)(1), governs this

action. The undisputed facts also compel the conclusions that the Jones Act is not applicable,[1]

neither the platform nor blast hose constitute "ruins",[2] and the work Christian was performing

was not an ultrahazardous activity.[3] Accordingly, the Court grants BP summary judgment on

Christian's Jones Act claim and his state law negligence claims, insofar as Christian brings the

negligence claims pursuant to the "ruin" and ultrahazardous activity doctrines.

Christian contends that BP is liable for his injuries because BP personnel directly ordered

him to engage in unsafe activity. It is well-settled that a principal is generally "not liable for the

activities of an independent contractor in the course of performing its duties under the contract."

*Bartholomew v. CNG Producing Co.*, 832 F.2d 326, 329 (5th Cir. 1987). However, "a principle

is liable for the acts of an independent contractor if he exercises operational control over those

acts or *expressly or impliedly authorizes an unsafe work practice*." *Id.* (emphasis added); *see

also Coulter v. Texaco, Inc.*, 117 F.3d 909, 912 (5th Cir. 1997). Christian has submitted sworn

and uncontroverted testimony that he was directed by BP personnel to move certain hoses and to

complete the task very quickly. The facts in *Bartholomew* are analogous to the facts alleged here,

and in *Bartholomew*, the Fifth Circuit held that the established facts were enough to support the

jury's imposition of liability. 832 F.2d at 328-30. *A fortiori*, this fact issue is enough to defeat

summary judgment in this action. Therefore, the Court denies BP's motion for summary

judgment on Christian's negligence claim.[4]

---

[1] *See Daniel v. Ergon, Inc.*, 892 F.2d 403, 407 (5th Cir. 1990) (holding that where there are no facts to support the inference that the worker is a seaman or that the platform is a vessel, the Jones Act is not implicated and summary judgment is proper).
[2] *See Mott v. ODECO*, 577 F.2d 273, 276 (5th Cir. 1978) ("[R]uin for purposes of Article 2322 means the fall or collapse of a substantial component of the building.").
[3] *See Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 380 (5th Cir. 2001) (explaining *de jure* ultrahazardous activities under Louisiana law and the test to determine whether an activity is ultrahazardous).
[4] The Court is only permitting Christian's negligence claim to proceed under the express authorization exception.

## VI.

For the foregoing reasons, the Court GRANTS in part and DENIES in part the motion for summary judgment.

**IT IS SO ORDERED.**

SIGNED on this 10th day of March, 2014.

_____

Kenneth M. Hoyt
United States District Judge